UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DORIS HOLT,                              )   CASE NO. 1:10 CV 2586
                                         )
        Plaintiff,                       )   JUDGE PATRICIA A. GAUGHAN
                                         )
   v.                                    )
                                         )   MEMORANDUM OF OPINION
DR. SRINIVASA R. KUNAN, et al.,          )   AND ORDER
                                         )
        Defendants.                      )

On November 12, 2010, plaintiff *pro se* Doris Holt filed this *in forma pauperis* action against Dr. Srinivasa R. Kunan, Dr. Altagracia M. Chavez, and Elyria Memorial Hospital. The complaint states in its entirety as follows:

> Now comes Doris Holt, Plaintiff, who is filing a a complaint against Dr. Srinivasa R. Kunan, Dr. Altagracia M. Chavez and Elyria Memorial Hospital, Defendant, for discrimination of treatment and violation of the HIPAA Law. Also, as you look through the attached file, you will find there are numerous laws broken. I feel that I should be compensated the maximum amount allowed by law.

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of *pro se* pleadings are not without limits.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Beaudette*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Id.*

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

    For the foregoing reasons, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


                          /s/ Patricia A. Gaughan
                          PATRICIA A. GAUGHAN
                          UNITED STATES DISTRICT JUDGE

Dated: 1/14/11